IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LORILLARD TOBACCO COMPANY, )
a Delaware corporation, )
 )
         Plaintiff, )
 )
   vs. ) No. 03 C 4769
 )
CANSTAR (U.S.A.) Inc., a Florida )
corporation, et al., )
 )
         Defendants. )

## MEMORANDUM OPINION

We, on December 17, 2004, granted plaintiff's motion for sanctions against defendants Cam-Kat, Inc. (Cam-Kat) and Mustapha Kechtban (Kechtban), which resulted in a liability ruling against those defendants but left open the amount of the damages and the scope of the injunction. We are today entering an order covering those two issues, and this Memorandum Opinion explains our reasons for that order.

Plaintiff seeks the maximum statutory damages, $5,000,000. Defendants argue that damages should be $2,500. They contend that plaintiff has not established that defendants knew the cigarettes were counterfeit and that the infringement was, therefore, wilful; that any damages here duplicate damages in other cases; and that, given defendants' difficult financial circumstances, a large award would be inequitable.

This court, in granting the motion for sanctions, explained why we believes the violation to be wilful, and plaintiff has amply demonstrated that the cigarettes were counterfeit. The damages are statutory damages, without reference to whether or not they might be duplicative of those in another case. Our award may well be more than defendants are able to pay (although the evidence presented by plaintiff indicates that defendant Kechtban is far more solvent than he contends), but one of the purposes is deterrence.

But what should the amount be? The putative source was, among others involved in the distribution, Canstar (U.S.A.), Inc., and we awarded $2,500,000 in statutory damages, together with reasonable attorneys' fees of $500,000. In <u>Lorillard Tobacco Co. v. S & M. Cent. Service. Corp.</u>, 2004 WL 2534378, Judge Holderman awarded statutory damages of $250,000 and fees in a case involving sales by a gas station of counterfeit cigarettes acquired by that defendant from Cam-Kat. Plaintiff represents the amount involved was about 100 cartons, although that is not established by the opinion. But, certainly, the amount involved was a small fraction of the counterfeit cigarettes acquired by Cam-Kat. The seizure here was of 26,280 cartons, not including cigarettes previously distributed. Perhaps 5½ to 6 million cigarettes were involved. Three hundred thousand tax stamps were purchased by Cam-Kat in 2003, which equates to about $1,200,000 in cigarettes distributed in that year, and that could drive the amount actually distributed even higher. Judge Holderman cites a case where 8,000,000 counterfeit cigarettes translated into a $2,000,000 statutory award. In short, defendants were major players, although probably not quite as major as Canstar, who presumably provided cigarettes to more distributors than just Cam-Kat.

We conclude that $1,750,000 is an appropriate statutory award, together with fees and costs.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 11, 2005.