

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, ) ) ) Plaintiff, ) ) vs. ) ) CANSTAR (U.S.A.) INC., a Florida ) corporation, CAM-KAT, INC., an Illinois ) corporation, UNIGLOBE INTERNATIONAL ) IMPORT/EXPORT INC., an Illinois ) corporation, MOHAMED AREF, EDWARD ) SAAD, and MUSTAPHA KECHTBAN, ) individuals, ) ) Defendants. ) | No. 03 C 4769 |

## MEMORANDUM OPINION AND ORDER

On February 11, 2005, plaintiff Lorillard Tobacco Company (Lorillard) received a judgment for $1.75 million against Cam-Kat, Inc. and its owner, Mustapha Kechtban (Kechtban). Despite the ruling, Kechtban has not satisfied the judgment and has allegedly ignored Lorillard's citations to discover his assets. In an effort to collect its award, Lorillard has issued citations to numerous third parties to discover the judgment debtors' assets. As a result of these citations, Lorillard has learned that Kechtban spends hundreds of thousands of dollars annually. Kechtban's bank statements show that much of his income is from third-party loans. One source of those loans is Ibrahim Shihadeh. Between May 3, 2004, and February 20, 2005, Ibrahim Shihadeh wrote Kechtban's wife, Basima Kechtban, four checks totaling $95,000. The checks drew from accounts in the name of both Ibrahim and Amani Shihadeh at Shore Bank, Bank One, and LaSalle Bank.

On March 28, 2005, Lorillard issued a citation to discover assets to Ibrahim Shihadeh. The citation commanded Shihadeh to appear for a deposition on April 11, 2005, at the offices

of Lorillard's attorneys, and to produce various documents related to the finances and property of Cam-Kat and Kechtban. After receiving the citation Shihadeh called Lorillard's attorneys and spoke with Cameron Nelson. He explained that the checks he wrote to Basima Kechtban were personal loans and that he had no interest in Cam-Kat, nor any business dealings with Kechtban. Shihadeh contends that by the end of the conversation he "was led to believe" that the attorney had all the information he needed and that he would contact Shihadeh if further questions arose. Shihadeh did not appear at the scheduled deposition.

On June 27, 2005, Lorillard issued citations to discover assets to Shore Bank and LaSalle Bank. In a letter attached to the citations, Lorillard's counsel disclosed the company's judgment against Cam-Kat and Kechtban and stated, "Based on discovery we have received to date, we believe that Ibrahim M. Shihadeh and/or Amani Shihadeh may be involved in funneling assets to Mustapha Kechtban, and that they hold account(s) with your institution." The citations commanded that representatives of the banks appear on July 8, 2005, for a deposition with documents that related to the property of Ibrahim and Amani Shihadeh. The Shihadehs now move to quash the citations issued to Shore Bank and LaSalle Bank, and move for sanctions against Lorillard and its attorneys for issuing the citations. The motion to quash is granted and the motion for sanctions is denied.

Under Rule 69 of the Federal Rules of Civil Procedure, proceedings supplementary to and in aid of executing a judgment "shall be in accordance with the practice and procedure of the state in which the district court is held." In Illinois, supplementary proceedings for the enforcement of a judgment are governed by 734 ILCS 5/2-1402. Section 2-1402 entitles a judgment creditor to pursue a supplementary proceeding to examine the judgment debtor or any other person to discover the assets of the debtor. 734 ILCS 5/2-1402(a). The judgment creditor starts the supplementary proceeding by serving a citation on the judgment debtor or

third party. *Id.* The statute further states, "The procedure for conducting supplementary proceedings shall be prescribed by rules." *Id.* Illinois Supreme Court Rule 277 prescribes the procedure for these proceedings. This rule allows a proceeding "against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." ILCS S. Ct. Rule 277(a). As the plain language of the statute indicates, in order to issue an initial citation to discover assets and open a proceeding, the judgment creditor does not need to have evidence of specific assets or income sought, it only needs a belief that the third party possesses assets of the judgment debtor. Regan v. Garfield Ridge Trust and Savings Bank, 247 Ill.App.3d 621, 624 (2d Dist. 1993)("[A] 'fishing expedition for assets *is* permissible in the context of an initial proceeding to discover assets, if it is based on a belief that such assets are in the third party's possession").

Lorillard issued a citation to Ibrahim Shihadeh based on its belief that he may be in possession of assets belonging to Kechtban. This belief was not unfounded. Shihadeh "loaned" Kechtban substantial sums of money[1] over a ten-month period. Lorillard had no evidence that Kechtban had paid any of this money back to Shihadeh. Thus, it was a reasonable possibility that Shihadeh was passing on Kechtban's own assets. In their affidavits, Shihadeh and Cameron Nelson provide conflicting descriptions of the telephone conversation they had after Shihadeh received the citation. Nelson states that the conversation was brief and that he reiterated that Shihadeh needed to appear at the scheduled deposition and produce the requested documents. Shihadeh describes a more in-depth conversation and states that he was led to believe that Nelson had all the information he needed, though notably Shihadeh

---

[1] Though Ibrahim Shihadeh's checks were made out to Kechtban's wife, Basina, Shihadeh does not distinguish between loaning the money to Mustapha Kechtban and Basina Kechtban in his affidavit. In fact, he testifies, "Kechtban was a long-time acquaintance of mine that I have, from time to time, personally loaned money." Thus, the court is perplexed by the Shihadehs' argument in their reply brief that the $95,000 was not a loan to Kechtban because the checks were made out to Basina Kechtban.

does not contend that Nelson told him he did not need to attend the deposition. It is undisputed that Shihadeh did not appear for the deposition, as requested in his citation, nor did he produce any documents for Lorillard.

After Shihadeh failed to appear at the scheduled deposition, Lorillard did not issue subsequent process to enforce its citation. In fact, it did not contact Shihadeh at all. Rather, Lorillard issued citations to the banks from which Shihadeh drew funds to give to Kechtban. The citations informed the banks that a judgment was entered against Cam-Kat and Kechtban, and then requested that the banks produce documents relating to the finances and property not of those judgment debtors, but of Ibrahim and Amani Shihadeh. Contrary to Lorillard's contentions, the citation issued to Shihadeh, and the citations issued to the Shihadehs' banks, do not request the same documents. Shihadeh's citation requested any documents relating to the judgment debtors' property, while the citations to the banks focus on the Shihadehs' property. The citations that Lorillard issued to the banks do not seek to impose restraints on property other than that belonging to the judgment debtors. However, the production requests in Lorillard's citations are too broad. Lorillard requests that the banks produce all documents related to the Shihadehs' finances and property, when the appropriate scope of its inquiry is Cam-Kat and Kechtban's assets.

We do not agree with the Shihadehs that Lorillard's citations required leave of the court under Rule 277(a). Leave is required when there has been a prior supplementary proceeding "with respect to the same judgment against the party." The party in this context is the recipient of the citation. Thus, judicial leave is required to issue a second citation to a person who has already been subject to a supplementary proceeding concerning the same judgment. The citation to Shihadeh does not count as a prior supplementary proceeding against the third-party banks, and there is no evidence that the named banks have already

been subject to citations for this judgment. Nor do we agree that Lorillard's suspicions concerning the Shihadehs' assets are "wild speculation." Lorillard's discovery has revealed that Kechtban maintains an expensive lifestyle, yet does not have an apparent source of income. Kechtban's co-defendant stated in a deposition that Kechtban was receiving money from his brother via transfers to third-parties. Lorillard has the right to investigate whether the money being loaned to Kechtban by Shihadeh is in fact Kechtban's own property. However, Lorillard cannot seek to discover this by issuing overly-broad citations to banks where the Shihadehs hold accounts. We grant the Shihadehs' motion to quash the citations to Shore Bank and LaSalle Bank, and we quash the citation to JP Morgan Chase Bank as well. However, we note that Shihadeh has not complied with the citation that he received from Lorillard. Lorillard may take appropriate action to ensure compliance.

We deny the Shihadehs' motion for sanctions. Under Fed.R.Civ.P. 11(c), the court may impose sanctions upon an attorney or party who violates one of the provisions of Rule 11(b) when making a representation to the court. A motion for sanctions is to be filed separately from other motions and is to be served on the allegedly offending attorney twenty-one days before filing it with the court. Rule 11(c); <u>Corley v. Rosewood Care Center, Inc. of Peoria</u>, 388 F.3d 990, 1011-12 (7th Cir. 2004). The twenty-one day period allows the attorney to cure his improper pleading before opposing counsel seeks the involvement of the court. The Shihadehs did not give Lorillard and its counsel twenty-one days notice before filing the motion for sanctions. They argue that they could not wait twenty-one days before filing their motion because they needed to act on Lorillard's citations before the banks were required to respond. However, it is the motion to quash, not the motion for sanctions, that would relieve the banks of the obligation to respond to the citations. The Shihadehs' argument reveals another deficiency in their motion for sanctions – it was not filed separately from their motion to

quash. The Shihadehs were free to respond immediately to the citations by filing the motion to quash. It is only the motion for sanctions that needed to wait. As the motion does not comply with Rule 11(c), we deny it without reaching its merits.

## CONCLUSION

The Shihadehs' motion to quash is granted and their motion for sanctions is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 4, 2005.