IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 03 C 4769 |
| CANSTAR (U.S.A.) INC., a Florida corporation, CAM-KAT, INC., an Illinois corporation, UNIGLOBE INTERNATIONAL IMPORT/EXPORT INC., an Illinois corporation, MOHAMED AREF, EDWARD SAAD, and MUSTAPHA KECHTBAN, individuals, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lorillard Tobacco Company (Lorillard) attained judgment against Mustapha Kechtban and Mohamed Aref for their sale and distribution of counterfeit Newport cigarettes. On February 11, 2005, the court awarded Lorillard statutory damages in the amount of $1,750,000, plus fees and costs, against Kechtban, and on April 12, 2005, the court awarded the company statutory damages in the amount of $2,250,000, plus $500,000 in costs and fees against Aref. Since we issued those orders Lorillard has attempted to collect on its judgments, but to no avail. Despite evidence that Kechtban maintains a substantial cash flow that pays for his comfortable lifestyle, he has not responded to Lorillard's citations to discover assets, thwarting its efforts to locate his assets. Aref has been similarly unresponsive and evasive. Kechtban's and Aref's legal troubles have not abated. Both defendants were recently indicted on multiple counts, including violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), for their role in an alleged smuggling operation. Plaintiff now brings an *ex parte* motion to inspect Kechtban's and Aref's residences and to seize documents and electronic

media that relate to their financial status. The motion is granted. An accompanying order specifies the limits and manner of that inspection.

Plaintiff presents its *ex parte* motion as a request under Federal Rule of Civil Procedure 34 for "entry upon land for inspection and other purposes." However, courts have viewed *ex parte* motions to search and seize as injunctions available pursuant to Federal Rule of Civil Procedure 65. American Can Co. v. Mansukhani, 742 F.2d 314, 322-23 (7th Cir. 1984); Vuitton v. White, 945 F.2d 569, 572 (3rd Cir. 1991); First Technology Safety Systems, Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). Plaintiffs frequently bring *ex parte* motions to search and seize in cases involving allegations of counterfeit goods, such as in the instant case, but the motions serve to secure evidence on the underlying merits of the infringement action. *See* Jules D. Zalon, *Ex Parte Seizure Orders: Don't Kill the Goose That Laid This Golden Egg*, 23 Colum.-VLA J.L. & Arts 181 (1999). The Lanham Act expressly allows *ex parte* seizures for this purpose, 15 U.S.C. § 1116(d), and Lorillard attained such an order earlier in this case to seize counterfeit cigarettes.

Lorillard does not cite any case, nor did we find any, in which a court has granted an order for an *ex parte* search and seizure to discover assets available to satisfy judgment. Nonetheless, we believe this remedy is within the court's "broad inherent equitable powers," if the circumstances warrant such an order. *See* AT&T Broadband v. Tech Communications, Inc., 381 F.3d 1309, 1318 (11th Cir. 2004). The Seventh Circuit has indicated when this order would be appropriate: "[E]x parte orders of very limited scope and brief duration may be justified in order to preserve evidence where the applicant shows that notice would result in destruction of evidence." American Can Co., 742 F.2d at 323; *see* First Technology Safety Systems, Inc., 11 F.3d at 650 ("There is, however, another limited circumstance for which the district court may proceed ex parte: where notice to the defendant would render fruitless

further prosecution of the action."); In re Vuitton et Fils S.A., 606 F.2d 1, 5 (2d Cir. 1979).

Based on Kechtban and Aref's past actions in this case, the court finds that an *ex parte* motion to search defendants' residences and seize information concerning their finances is the only manner in which to preserve evidence of the location and extent of their assets. Since this case was first filed Kechtban failed to answer discovery requests and violated the Temporary Restraining Order entered against him. Kechtban has not responded to Lorillard's citations to discover assets, and after the court discharged Lorillard's Motion for Rule to Show Cause on the basis that he would comply, Kechtban has failed to make any further effort to provide plaintiff with the requested financial records. Despite evidence of Kechtban's extensive expenditures, Lorillard has not been able to locate his assets. Kechtban's history of delay, obfuscation, and disregard for court orders compels us to grant plaintiff's *ex parte* motion. Likewise, we grant the motion as to Aref. As with Kechtban, Aref has repeatedly failed to respond to court filings. He did not answer the complaint against him, nor did he respond to citations to discover assets after a default judgment was entered against him. Documents attained by Lorillard also revealed that Aref lied at his deposition and destroyed evidence subject to plaintiff's discovery requests. Aref's past actions in this case justify Lorillard's request.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug 24, 2005.